AMY, J.,
dissenting in part.
LI join in the majority’s determination that the workers’ compensation judge did not abuse her discretion in excluding the deposition of Dr. Douglas Bernard. As observed by the majority, that deposition arose from an unrelated case.
However, I respectfully dissent from the majority’s decision to exclude the report of the physician performing the Independent Medical Examination and to remand for further proceedings. Rather, I do not find it at all clear that there was a violation of La.R.S. 23:1317.1(E)(2). That provision instructs that:
E. When the independent medical examiner’s report is presented within thirty days as provided in this Section:
[[Image here]]
(2) Except to schedule the deposition or further discovery as described above, the office of the independent medical examiner shall not be contacted regarding the claimant by any party, attorney, or agent.
While the claimant asserts that La.R.S. 23:1317.1(E)(2)’s prohibition against contact “regarding the claimant by any party, attorney, or agent” was violated, I point out that the correspondence instituted by the employer/insurer in this case is directed toward the Office of Workers’ Compensation, not the IME physician. Thereafter, the only correspondence evidenced by the record in which the insurer is revealed as the requesting party originated from the Office of Workers’ Compensation. Although, in that correspondence, the Office of Workers’ ^Compensation instructed the insurer to forward payment and medical records to Dr. Holladay, the record is unclear as to whether any insurer-physician contact occurred during the brief time period between the correspondence and the claimant’s motion to quash. Thus, I see no demonstrated connection between La.R.S. 23:1317.1(E)(2)’s prohibition of contact “by any party, attorney, or agent” and the correspondence of record in this case. While the insurer does not suggest that they did not forward the records, the parameters of any communication resulting from the Office of Workers’ Compensation’s instruction to do so is not explained in the record.
Further, the process in this case, as well as the workers’ compensation judge’s actions, are important in my opinion. Upon claimant’s complaint regarding the procedure of La.R.S. 23:1123, the workers’ compensation judge attempted to prevent the potential for objectionable contact by ordering the IME under La.R.S. 23:1124.1. Dr. Holladay thereafter rendered an IME report in which he disagreed with the need for surgery.
Afterwards, at the time of the hearing on the merits, the claimant suggested that the initial process under La.R.S. 23:1123 had tainted the subsequent IME appointment and examination. The workers’ compensation judge again attempted to ensure the fairness of the exam procedure and permitted additional time for the deposition of Dr. Holladay to explore the nature of any prohibited contact. In ruling, and after thoughtful consideration, the workers’ compensation judge found no indication of “bias or partiality” in the IME report. Instead, Dr. Holladay testified in his deposition that he had no independent recollection of contact with anyone regarding the case other than an assistant at the workers’ compensation judge’s office. While Dr. Holladay disagreed with the claimant’s position that surgery was necessary, there is no indication that the opinion resulted from a lack of neutrality. In light *1120 of the workers’ compensation judge’s consideration of all of |3these factors and given her ultimate conclusion, I find no error in her consideration of the report.
Finally, like the majority, I note that the claimant sought only exclusion of the IME report for violation of La.R.S. 23:1317.1(E)(2). Yet, the statute does not prescribe such a penalty, even in the face of a violation. Neither does the statute suggest the remedy employed by the majority. Again, however, I find no such violation proven since La.R.S. 23:1317.1(E)(2) only prohibits contact between a party, attorney, or agent and the IME physician. This record evidences only direct contact between the Office of Workers’ Compensation and the IME physician. Additionally, and as stated above, the workers’ compensation judge explored the potential of bias or partiality, finding none. I find that determination supported by the record.
For these reasons, I would leave the workers’ compensation judge’s consideration of the IME report undisturbed.